RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/18/14
QDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PAUL D. CROW (#500671) | DOCKET NO. 13-CV-3288; SEC. P |
| VERSUS | JUDGE DRELL |
| LT. CARL KING | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Paul D. Crow filed the instant civil rights complaint (42 U.S.C. §1983) on December 20, 2013. He was granted leave to proceed in forma pauperis on February 11, 2014. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections ("DOC"), and he is incarcerated at the Winn Correctional Center (AVC) in Winnfield, Louisiana. He complains that the defendant violated his constitutional rights by failing to protect him from another inmate, resulting in mental stress.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Plaintiff's Allegations*

Plaintiff alleges that on July 1, 2013, while housed in the Cypress Unit, he was allowed off of his tier to use the "wall phone." At the same time, inmate Nathaniel Martin made a medical emergency, which Plaintiff alleges was for the purpose of attacking him. Inmate Martin hit Plaintiff with a broom, which he swung at Plaintiff three times. Plaintiff jumped onto Inmate Martin and hit him three times with a metal weapon that Plaintiff happened to have

in his possession. [Doc. #1, p.2] Lt. Carl King sprayed Plaintiff with pepper spray in his eyes and then, according to Plaintiff, King took the weapon from Plaintiff's hand and placed it into the hand of Inmate Martin. Martin cut the back side of Plaintiff's boxer shorts with the weapon, and Plaintiff began to run away from Martin. They ran around the Cypress Unit main floor area until Inmate Martin passed out. [Doc. #1, p.3]

Plaintiff and Inmate Martin were written up for aggravated fighting. Martin's charge was reduced, but Plaintiff was convicted of the charged offense. Plaintiff was sanctioned with a disciplinary transfer and the loss of good time.

Plaintiff alleges that he suffers a mental stress disorder due to the incident, and he seeks monetary damages.

### Law and Analysis

The United States Supreme Court has stated that a plaintiff *may not recover damages* for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render a conviction or sentence invalid, until such time as his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Edwards v. Balisok, 520 U.S. 641 (1997)(*extending Heck to prison disciplinary proceedings*). A claim

for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983 or <u>Bivens</u>. <u>See</u> <u>id</u>. Plaintiff seeks monetary damages for a mental stress disorder that he claims resulted from the Defendant's failure to protect him against Inmate Martin. However, Plaintiff was convicted of aggravated fighting with regard to the Martin incident. Because an award of damages would call into question the validity of his disciplinary conviction, which has not been reversed or otherwise overturned, Plaintiff's claim for money damages are not cognizable at this time, per <u>Heck</u> and <u>Balisok</u>.

Moreover, Plaintiff seeks damages for "mental stress disorder" as a result of the incident complained of. However, under Title 42 U.S.C. §1997e(e), an inmate cannot recover for "mental and emotional injury suffered while in custody without a prior showing of physical injury." The United States Fifth Circuit has held that the phrase "physical injury" in §1997e(e) means an injury that is more than *de minimis*, but need not be significant. <u>See</u> <u>Alexander v. Tippah County, Miss.</u>, 351 F.3d 626 (5th Cir. 2003)(quoting <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997)(where the Fifth Circuit first set forth its §1997e(e) definition of physical injury)).

Plaintiff Crow seeks damages for an emotional/mental injury. He does not claim to have suffered any physical injury from the

alleged attack, certainly not more than a *de minimis* injury.[1]  He did not require medical care; he was able to pull a weapon and jump on Inmate Martin after being attacked with the broom; and, he was able to outrun Inmate Martin after the alleged attack.  It is evident that Plaintiff did not suffer a physical injury that was more than *de minimis*.

*Conclusion*

For the foregoing reasons, Plaintiff's claim is barred by <u>Heck v. Humphrey</u> and <u>Edwards v. Balisok</u>, and barred by the physical injury requirement of 42 U.S.C. §1997e(e).  Therefore, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  No other briefs or**

---

[1] A more than *de minimis* physical injury "...is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks. People in the regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care." See <u>Luong v. Hatt</u>, 979 F.Supp 481 (N.D. Tex. 1997).

4

responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 17th day of March, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE